ACCEPTED
01-15-00363-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/18/2015 3:03:50 PM
CHRISTOPHER PRINE
CLERK

01-15-00363-CR

CASE NO. ~~03-15-00177-CR~~, (TC# D-1-DC-14-201210)

RUBEN MUNOZ VS. STATE OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/18/2015 3:03:50 PM

CHRISTOPHER A. PRINE
Clerk

An Appeal following a trial from
The 147th District Court, Travis County, Texas
No. D-1-DC-14-201210
Styled the State of Texas vs. Ruben Munoz

REQUEST TO ABATE APPEAL

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/18/2015 3:03:50 PM

CHRISTOPHER A. PRINE
Clerk

To The Honorable Clerk of Said Court:

Now comes Counsel on Appeal for Ruben Munoz, Appellant in the above styled cause, and makes this his Request to Abate Appeal, and for good cause would show:

I.

Appellant was charged by indictment with two counts of homicide, count 1 was murder, and count 2 was involuntary manslaughter. After a jury was seated on March 10, 2015, Appellant pled "not guilty" to count 1, and "guilty" to count 2. Upon a trial on the merits of count 1, the Appellant was acquitted on March 10, 2015. A written guilt/innocence verdict form on count 2 was not submitted to the jury. Nevertheless, the trial court then began a sentencing hearing on count 2. In the court's charge on punishment, the jury was not provided a written form to make a finding of "true" as to the punishment enhancement, nor did the jury make a deadly weapon finding (in fact the jury found the deadly weapon special issue was "Not True" with respect to count 1).[1] However, at the conclusion of that hearing, the Appellant was sentenced to 27 years in the Texas Department of Corrections, with a deadly weapon finding, on March 11, 2015. At no time did the jury enter a written finding of "guilt" as to count 2, a written finding of "true" to the enhancement paragraph, or a written finding of "true" with respect to deadly weapon to count 2.

---

[1] Appellant concedes that when asked, Appellant entered a plea of "true" to the punishment enhancement allegation.

II.

After the trial, counsel on appeal timely brought these deficiencies to the trial court's attention in connection with a Supplemental Motion for New Sentencing Hearing dated May 20, 2015. The trial court amended the court's 3/12/15 judgment to change both the stated "Plea to 1st Enhancement Paragraph" and the stated "Finding to 1st Enhancement Paragraph" from "N/A" to "True," (which amended judgment Nunc Pro Tunc was filed on 5/22/15) and then the motion was overruled as a matter of law on or about May 26, 2015.

III.

Appellant respectfully requests this Court to permanently abate this appeal, as lacking in jurisdiction. There is no written verdict by the jury of count 2. "A "verdict" is a written declaration by a jury of its decision of the issue submitted to it in the case." Tx. CCP. Art. 37.01. The Appellant, though he entered his plea to the jury, was not found "guilty" or "not guilty" (of count 2) by the jury, yet was sentenced on count 2 by the jury, in contravention of Tx. CCP Art. 37.07, Sec. 2 (a):

> "In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed."

The trial court's instructions did not order the jury to find the Appellant either "guilty" or "not guilty" with respect to count 2, in contravention of Tx. CCP. 37.07 Sec. 1 ( c ):

> "If the charging instrument contains more than one count or if two or more offenses are consolidated for trial pursuant to Chapter 3 of the Penal Code, the jury shall be instructed to return a finding of guilty or not guilty in a separate verdict as to each count and offense submitted to them."

Furthermore, the trial court did not obtain a special issues finding on the issue of deadly weapon with respect to count 2 from the jury. "When there are special pleas on which a jury is to find they must say in their verdict that the allegations in such pleas are true or untrue." Tx. CCP 37.07 Sec. 1 (a). Nevertheless, the court entered a deadly

weapon finding in its judgment. In addition, the trial court did not obtain a finding of fact on the (non-jurisdictional) punishment enhancement issue from the jury on count 2.[2]

## REQUEST FOR RELIEF

Given the lack of a written verdict of "guilt" by the jury on count 2, and given the failure of the jury to answer the special issue of enhancement with respect to count 2, and given the failure of the jury to answer "true" to the special issue of "deadly weapon" with respect to count 2, and then the subsequent sentencing of Appellant to a punishment - enhanced range, and the nunc pro tunc entry by the trial court of a finding of deadly weapon; Appellant requests that this Court permanently abate this appeal for lack of jurisdiction and order the trial court to conduct further proceedings in accordance with the law and its ruling, and other such relief as may be warranted by the law and the facts of this case.

Respectfully Submitted,

_____/s/ Drew Phipps_____
Drew Phipps
Attorney for Appellant
7421 Burnet Rd. #288
Austin, Texas 78757
(512) 476-3111
Bar # 15963050

## CERTIFICATE OF SERVICE

I, Drew Phipps, Attorney for Appellant, do certify that on this the 7th day of December, 2015, a true and correct copy of the foregoing Appellant's Request to Abate Appeal was delivered by email to the Travis County District Attorney's Office, Blackwell-Thurman Criminal Justice Center, Austin, Texas 78701.

___/s/ Drew Phipps_____
Drew Phipps

---

[2] The Appellant did have actual knowledge of the State's intent to enhance and did not object to the form of the jury instructions and verdict which included the enhanced punishment range. In the punishment instructions, the Court instructed the jury to find the enhanced punishment allegation to be "true," but did not provide a form for such finding to be made by the jury.